### 11063

#### DAWKINS v. UNION MFG. & POWER CO.

##### (114 S. E., 759)

1. TRIAL—IN ACTION FOR DAMAGES FROM OVERFLOW OF LAND BECAUSE OF NEGLIGENT CONSTRUCTION OF DEFENDANT'S DAM, INSTRUCTION HELD NOT TO CHARGE THAT DEFENDANT WAS LIABLE WITHOUT PROOF OF NEGLIGENCE.—In action for damage to land from overflow of water through negligent construction of defendant's dam, defended on the ground that the damage was caused by an act of God through the instrumentality of an unprecedented flood, instruction *held* not erroneous, in view of the charge as a whole, as against the contention that it directed the jury that defendant was liable for the alleged damage resulting· from the breaking of defendant's dam, without proof of negligence on the part of defendant.

2. APPEAL AND ERROR—GRANTING OF INSTRUCTION NOT GROUND FOR REVERSAL, IN ABSENCE OF SHOWING OF PREJUDICE.—The granting of an instruction. is not ground for reversal, in the absence of a showing of prejudice.

Before WILSON, J., Union, September, 1921. Appeal dismissed.

Action by Charner Dawkins against Union Mfg. & Power Company. From judgment for plaintiff, the defendant appeals.

*Messrs. Elliott & McLain,* for appellant, cite: *Plaintiff's only ground of recovery was for negligence and it was*

*error to charge otherwise:* 36 S. C., 93; 72 S. C., 112; 166 U. S., 269; 76 S. C., 325; 30 Harvard L. R., 333; 29 H. L. R., 801; 59 U. Pa. L. R., 315. *Inconsistent charge is reversible error:* 51 S. C., 312; 89 S. C., 420; 20 R. C. L., 267, par. 51; 30 Cyc., 1604; 29 Cyc., 786.

*Messrs. Macbeth Young* and *P. D. Barron,* for respondent, cite: *"Act of God" defined:* 1 C. J., 1174; 21 L. R. A. (N. S.), 129; 86 Am. Dec., 415; 57 Cal., 197; 4 R. C. L., par. 189. *Law governing liability of builder of dam:* L. R. 1 Exchr., 265; 6 Am. Neg. Rep., 678; Harp., 170; 2 Bail., 157; 2 Spears, 197; 29 S. C., 96; 65 S. C., 539; 65 S. C., 509; 2 Kent Com., 597; 91 S. C., 64; 105 S. C., 234; 95 S. C., 268; 60 S. C., 265; 58 S. C., 560; 2 Hill L., 639; 42 S. C., 409; 11 Am. Rep., 352; 1 Civ. Code, 1912, Sec. 2187. *It must appear that jury was misled by inconsistencies in charge:* 99 S. C., 376. *Whole charge must be considered:* 98 S. C., 262; 98 S. C., 42; 93 S. C., 420; 96 S. C., 339; 97 S. C., 85; 99 S. C., 432. *If error is patent attention should have been called to it:* 86 S. C., 231; 95 S. C., 104; 97 S. C., 125; 96 S. C., 74. *Negligence was alleged and not stricken out so it must stand:* Rule 77, Cir. Ct.; 72 S. C., 411; 78 S. C., 73; 78 S. C., 481.

December 5, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff, through the negligent construction of the defendant's dam, whereby his lands were overflowed. The defendant denied the allegations of negligence, and set up the defense that the damages were caused by the act of God, to wit, an unprecedented flood.

The jury rendered a verdict in favor of the plaintiff for $1,500.00 and the defendant appealed upon two exceptions, the first of which is as follows:

(1) "His Honor, the presiding Judge, erred in refusing defendant's motion for a new trial, made upon the ground that he had erred in charging plaintiff's ninth request to charge, to wit: '(9) The rule of law is that the person, who for his own purposes brings on his land and collects there anything likely to do mischief, if it escapes, must keep it in at his peril, and if he does not do so, and it escapes and does injury to another, he is *prima facie* liable for the injury done; but he may excuse himself by showing that its escape was the act of God, and the sole act of God, and that his negligence did not contribute to its escape as a proximate cause of the injury,—the error being that in so charging the jury his Honor charged an erroneous principle of law in effect directing the jury that defendant was liable for the alleged damage resulting from the breaking of defendant's dam, without proof of negligence on the part of defendant, and unless defendant could excuse itself by showing that the damage resulted solely from an act of God, whereas, his Honor should have held that the charge was error, that defendant, having been granted the right by the sovereign to erect, maintain, and operate the dam, could only be held liable upon proof of negligence in erecting, maintaining, or operating said dam and should have granted the new trial.'"

When the charge is considered in its entirety, it is plain that the exception cannot be sustained. His Honor, the presiding Judge, charged the following requests of the defendant:

"(1) The plaintiff must prove that the negligence of the defendant in the construction of the dam was the proximate cause of the damage to the plaintiff, if any, in order for plaintiff to recover, and, unless the jury so find, the verdict must be for defendant.

"(2) If defendant proves by the greater weight of the evidence that the damages, if any, were caused by an unprecedented flood, then your verdict must be for defendant.

"(3.) If the jury find that the damages, if any, were caused by an act of God, the verdict must be for defendant."

He also charged:

"Now, gentlemen, it is incumbent upon the plaintiff to make out his case by the greater weight or preponderance of the evidence."

This exception is overruled.

The second exception is as follows:

(2) "His Honor, the presiding Judge, erred in refusing defendant's motion for a new trial, made on the ground that he had erred in charging plaintiff's ninth request to charge, to wit: '(9) The rule of law is that the person, who for his own purposes brings on his land and collects there anything likely to do mischief, if it escapes, must keep it in at his peril, and if he does not do so, and it escapes and does injury to another, he is *prima facie* liable for the injury done; but he may excuse himself by showing that its escape was the act of God, and the sole act of God, and that his negligence did not contribute to its escape as a proximate cause of the injury,'—the error being that the ninth request to charge was plainly and manifestly inconsistent with and opposed to the remainder of the charge, and to the issues at bar, and was highly prejudicial to defendant, for which reason the motion for a new trial should have been granted."

In the first place, the request is too general; but, waiving such objection, the appellant's attorneys have failed to satisfy this Court that there was prejudicial error.

Appeal dismissed.

MR. JUSTICES FRASER and WATTS concur.

MR. JUSTICE COTHRAN: The ninth request was unquestionably erroneous, as is practically conceded; it was directed to a vital issue in the case, sustaining a contention of the plaintiff strenuously argued in this Court. The fact

that it was inconsistent with correct principles elsewhere presented to the jury is no extenuation, for it added the vice of confusion to manifest error, the rejection of which by the jury it is impossible to assume.

MR. JUSTICE MARION dissents.